Kathryn J. Halford (CA Bar No. 068141)
email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106571)
email: erosenfeld@wkclegal.com
Nicholas I. Starkman (CA Bar No. 291373)
email: nstarkman@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 334
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,

Plaintiffs,

vs.

RECOMMENDED MEDIA, LLC, a New York limited liability company,

Defendant.

**CASE NO.**

**COMPLAINT FOR BREACH OF CONTRACT AND VIOLATON OF ERISA**

[29 U.S.C. §§1132, 1145
29 U.S.C. §185]

Plaintiffs allege as follows:

**JURISDICTION**

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947 as amended ("LMRA"), 29 U.S.C. §185(a).

**VENUE**

2. In accordance with ERISA §502(e) (29 U.S.C. §1132(e)), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

**PARTIES**

3. Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Individual Account Plan, and the Motion Picture Industry Health Plan (herein "Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA (29 U.S.C. §186(c)(5)).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are employee pension benefit plans as defined ERISA §3(2) (29 U.S.C. §1002(2)). The Motion Picture Industry Health Plan ("Health Plan") is an employee welfare benefit plan as defined in ERISA §3(1) (29 U.S.C. §1002(1)). The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are multiemployer plans within the meaning of ERISA §§3(37)(A) and 515 (29 U.S.C. §1002(37)(A); 29 U.S.C. §1145). Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA §21(A) (29 U.S.C. §1002(21)(A)). The Plans were established pursuant to collective bargaining agreements between various employers and employer

associations performing work in the entertainment (motion picture and television) industry, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("I.A.T.S.E."), an unincorporated labor organization. The Plans are administered in Studio City, California.

5. Plaintiffs are informed and believe and upon that basis allege that at all times relevant herein, defendant RECOMMENDED MEDIA, LLC ("Recommended") was and is currently a New York limited liability company, located in Marina Del Rey, county of Los Angeles, and doing business within this judicial district. At all relevant times herein, Recommended was an employer in an industry affecting commerce, within the meaning of the LMRA and ERISA.

6. This complaint is prosecuted pursuant to section 301(a) of the LMRA, and ERISA §§502 and 515, to enforce the provisions of a collective bargaining agreement and ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

7. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 7, as if fully set forth herein.

8. Recommended executed Consent Agreements wherein it agreed to be bound by collective bargaining agreements negotiated by the Association of Independent Commercial Producers, Inc., ("AICP") and entered into collective bargaining agreements with various local unions affiliated with the International Brotherhood of Teamsters and the International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories, and Canada, AFL-CIO ("IATSE") ("Consent Agreements"). Pursuant to the Consent Agreements, Recommended further agreed to execute and abide by the terms of Trust Acceptance documents required by the Plans. The

Consent Agreements are incorporated herein by this reference and attached hereto collectively as Exhibit “1".

9. The collective bargaining agreements negotiated by AICP and to which Recommended is and/or was bound were in full force and effect at all relevant times herein.

10. Recommended also executed an agreement with Motion Picture Studio Mechanics Local 52 (“Local 52”) wherein Recommended agreed to make contributions at specified rates to the Plans for all Local 52 represented personnel, for all hours worked or guaranteed, and to execute a Trust Acceptance and other documents required by the Plans. The agreement with Local 52 is incorporated herein by this reference and attached hereto as Exhibit “2”.

11. In conjunction with the collective bargaining agreements, Defendant Recommended executed Trust Acceptances, wherein it agreed to be bound by all terms and conditions of the Trust Agreements establishing the Plans (“Trust Agreements”) and to contribute to the Plans on behalf of each employee covered by the applicable collective bargaining agreements. A true and correct copy of the Trust Acceptances are attached hereto collectively as Exhibit “3” and incorporated herein by reference.

12. The Trust Agreements obligate employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees, by the last day of the week following the month in which work was performed. Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

13. Pursuant to the terms of the Trust Agreements, Recommended agreed that in the event of a delinquency it would pay liquidated damages. The Trust Agreements for each of the Plans provide for payment of liquidated damages in addition to payment of any delinquent contribution or any interest, in an amount

presumed to be the greater of 20 percent (20%) of the amount of contributions due; or the amount of interest due under the above provisions of this Article on the date when payment is made.

14. The Trust Agreements further provide that in the event of a delinquency, Recommended shall be liable to the Plans, in addition to contributions and liquidated damages, for all expenses of collection, including all costs, reasonable accountants' fees, auditors' fees and attorneys' fees, and for the payment of interest at the accruing at the rate of 1 percent (1%) per month on all unpaid contributions.

15. Plaintiffs are informed and believe and upon that basis allege that Recommended employed persons who performed work covered under the Agreements, but failed to report and pay contributions to the Plans for these covered employees.

16. As authorized by the Trust Agreements, the Plans completed and published an audit of the records of Recommended for the period of September 1, 2011 to December 6, 2014, which disclosed that Recommended had underpaid contributions in the amount of $1,746.97 for hours worked by its employees. Prior to the audit, Plaintiffs were unaware that Recommended had failed to properly report and pay contributions.

17. At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Plaintiffs as a result of nonpayment of contributions. The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Plans by the nonpayment of contributions.

18. As a result of the Recommended's failure to report and pay contributions, it has been necessary for the Plans to employ the law firm of

Wohlner Kaplon Cutler Halford & Rosenfeld, and Plaintiffs have incurred attorneys' fees.

19. As a result of Recommended's breach of the Agreements and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the amount of contributions, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and the Trust Agreements.

20. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

**SECOND CLAIM FOR RELIEF**

**(Violation of ERISA)**

21. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein.

20. By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Recommended has violated ERISA §515. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA §§502(g)(2) and 515, Plaintiffs are entitled to, and hereby demand, payment of all contributions determined to be due, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendant Recommended Media, LLC, a New York limited liability company, as follows:

**ON ALL CLAIMS FOR RELIEF**

1. For unpaid contributions in the sum of $1,746.97 as first disclosed by the Plans' audit;

2. For payment of interest calculated at the rate of one percent (1%) per month on all unpaid audit contributions owed from the due dates until paid;

3. For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

4. For attorneys' fees and costs; and

5. For such other relief as the court deems appropriate, including other appropriate legal and/or equitable relief in accordance with ERISA §502(g)(2)(E).

DATED: November 30, 2016

Kathryn J. Halford
Elizabeth Rosenfeld
Nicholas I. Starkman
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

By: ______________________________
NICHOLAS I. STARKMAN
Attorneys for Plaintiffs the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Individual Account Plan, and the Motion Picture Industry Health Plan